DAVID MINZESKEIMER *v.* JOHN G. HEINE.

The existence of a contract of sale will not deprive the owner of goods of a right of action in the nature of trover against a tort feasor, by whom the same are unlawfully detained, provided any thing remains to be done by the purchaser to vest in himself the exclusive right of possession.

THIS action was instituted to recover damages for the wrongful detention and conversion of goods. One Loeb testified, that while the goods in question were in the defendant's possession, the plaintiff sold them to him (the witness) for a certain sum, of which $10 were "paid down, to bind the bargain." From the language of the witness, it might have been inferred that he had paid the balance of the purchase money; but this did not distinctly appear, and there was no evidence showing the mode or particulars of such payment of the balance, if any was made. The testimony did not show that any credit was given in the contract of sale.

The defendant contended, that payment of the price by

the vendee was fairly deducible from the evidence; that an intent to pass the title was proven; that nothing had been done to revest the title in the plaintiff; that the sale remained unrescinded; and that the right of action was exclusively in the purchaser.

Demand before suit was shown by the plaintiff. The Fifth District Court gave judgment in his favor, from which the defendant appealed to this court. (a)

*William R. Stafford*, for the defendant.

*Ambrose L. Pinney*, for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—The plaintiff, by the purchase of the goods from the original owner, payment therefor and delivery of part, became the owner, and entitled to the possession of the portion for which this action was brought. The defendant, by taking possession of the goods, and refusing to give up the same, when applied for, alleging that they did not belong to the plaintiff, exposed himself to this action, and became liable to the plaintiff for the value.

The fact, in proof of an agreement of the plaintiff to sell the goods to Loeb, although the contract was valid, would not deprive the plaintiff of this action. He was bound, under that contract of sale, to deliver possession, and for that purpose he had a right to take possession from the defendant. It does not lie in the defendant's mouth to say that he would not deliver to the plaintiff an account of such a contract. Although such a contract may have been made, payment of a part to bind the bargain did not deprive the plaintiff of his right to the possession of the goods until the residue had

been paid or secured, according to the contract. For that purpose the plaintiff still had the right of possession, and if the goods had been in the plaintiff's custody, Loeb could not, under his contract of sale, have obtained the possession from the plaintiff, without paying the balance, unless a credit was agreed on, which does not appear in the testimony. The evidence shows nothing that would have justified a delivery to Loeb, so as to pass the right of possession to him.

I think, also, Loeb could not place himself in a position to maintain the action. He made no demand at the time, and it is too late now to make such demand, after the property is entirely destroyed. The plaintiff is, therefore, the only party who can maintain an action therefor. The defendant is liable to the plaintiff, and he cannot be made liable to any one else.

The question is not, who has the title, but who has the right of possession; and I think there can be no doubt, in a case like the present, where only $10 were paid to bind the bargain, without any evidence as to the fact or mode of payment of the balance, that such right of possession must be deemed to remain in the vendor until such payment is proved to have been completed.

As between vendor and vendee, the contract may be valid, so as to entitle the vendee, on tendering full performance on his part, to enforce the fulfillment of the contract; but until that is done, the vendee cannot claim the possession, either from the vendor or any other person.

The rule is, if the property in the goods has passed, they remain in the hands of the vendor merely as security for the price. And if a seller allow the purchaser even to take part of the goods, without paying for all, it is not a waiver of the entire contract of payment on delivery. (1 Camp. 427.)

The other grounds of appeal, we think, are without foundation, and that the plaintiff is entitled to judgment.

Judgment affirmed.